XAVIER BECERRA
Attorney General of California
JOEL A. DAVIS
Supervising Deputy Attorney General
DAVID ADIDA
Deputy Attorney General
State Bar No. 143647
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 269-6505
 Fax: (213) 897-2810
 E-mail: David.Adida@doj.ca.gov
*Attorneys for Defendants Board of Trustees of the California State University, Fernando Solorzano, Christopher Shivley, Raymond Gonzalez, Daniel Valdez, Jafra Millner, Ivan Sanchez, Arcelia Rosas, Christopher Brown, Rodney Dickerson, Richard Goodwin, Tony Malagrino, Andrew Wilson, Christopher Burnett, Daniel O'Connor, Beth Manke, Scott Apel, Mark Wiley, and Steven Raskovich*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDRE ANDREWS,** | 2:18-cv-09832 PSG (RAOx) |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLAIMS, PURSUANT TO CIV. P. 12(b)(6)** |
| v. | |
| **CSU POLICE DEPARTMENT, FERNANDO SOLORZANO, CHRISTOPHER SHIVLEY, RAYMOND GONZALEZ, DANIEL VALDEZ, JAFRA MILLNER, IVAN SANCHEZ, ARCELIA ROSAS, CHRISTOPHER BROWN, RODNEY DICKERSON, RICHARD GOODWIN, TONY MALAGRINO, ANDREW WILSON, CHRISTOPHER BURNETT, DANIEL O'CONNOR, BETH MANKEY, SCOTT APEL, MARK WILEY, STEVEN RASKOVICH, CALIFORNIA STATE UNIVERSITY (CSU), ET AL.,** | Date: 2/04/2019<br>Time: 1:30 pm<br>Courtroom: 6A |
| Defendants. | |

**TO ANDRE ANDREWS AND/OR HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 04, 2019, at 1:30 pm, or as soon as the matter can be heard, in Courtroom 6A, located at the First Street Courthouse, 350 West First Street, Los Angeles, California 90012, defendants Fernando Solorzano, Christopher Shivley, Raymond Gonzalez, Daniel Valdez, Jafra Millner, Ivan Sanchez, Arcelia Rosas, Christopher Brown, Rodney Dickerson, Richard Goodwin, Tony Malagrino, Andrew Wilson, Christopher Burnett, Daniel O'Connor, Beth Manke, Scott Apel, Mark Wiley, and Steven Raskovich ("Defendants"), will move this District Court to dismiss plaintiff Andre Andrews' ("Plaintiff") 42 USC §1983 claims, as well as Plaintiff's state law claims, pursuant to Federal Rules of Civil Procedure 12 (b)(6).

Defendants attempted to meet the requirements of the United States Central District of California Local Court Rule 7-3 (pre-filing requirement) by calling *pro per* Plaintiff Andre Andrews, and leaving a message for him to call him back. Plaintiff, however, never returned Defendants' calls.

This motion to dismiss is made on the ground that the complaint is barred by the immunity conferred by the Eleventh Amendment, the complaint does not state valid Section 1983 claims against Defendants Raskovich, O'Connor, Wiley, Apel, Solorzano, Schivley, Gonzalez and Valdez, and by Plaintiff's failure to allege facts demonstrating or excusing compliance with the California Tort Claims Act's claim presentation requirements.

Defendants' motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the pleadings and papers on file herein.

**WHEREFORE**, Defendants pray as follows:

1. That the complaint, and all the claims alleged therein against Defendants be dismissed with prejudice;

2. For such other relief as the court deems just and proper.

Dated: December 7, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JOEL A. DAVIS
Supervising Deputy Attorney General

/s/ David Adida

David Adida
Deputy Attorney General
*Attorneys for Defendant Board of Trustees of the California State University*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANTS

In this action, Plaintiff Andre Andrews ("Plaintiff") alleges that defendant the Board of Trustees of the California State University, which is the State of California acting in its higher education capacity ("CSU") and defendants Fernando Solorzano, Christopher Shivley, Raymond Gonzalez, Daniel Valdez, Jafra Millner, Ivan Sanchez, Arcelia Rosas, Christopher Brown, Rodney Dickerson, Richard Goodwin, Tony Malagrino, Andrew Wilson, Christopher Burnett, Daniel O'Connor, Beth Manke, Scott Apel, Mark Wiley, and Steven Raskovich ("Defendants") violated his civil rights under the United States and California Constitutions. At all relevant times, the individual defendants were employed by CSU as either safety officers, custodial employees, administrators, or professors on campus.

Plaintiff alleges he was harassed and discriminated against by Defendants because he is African-American and he helped organize a campus protest concerning police misconduct in 2016. He claims that although he was a student in good standing at the time, Defendants illegally prevented him from using campus facilities and resources to work on materials he intended to use during the campus protest. As a result of Defendants' alleged wrongful conduct, he alleges that the protest had very low attendance. Plaintiff further alleges that he was illegally stopped, arrested, and searched by campus police after the protest. While allegedly searching for "state keys," Plaintiff claims that the safety officer defendants reached into his pocket and pulled out a butter knife they claimed was illegal for him to carry on campus. He later learned he was labeled as a "person of interest" by campus police, causing him to undergo extra scrutiny.

Plaintiff asserts three separate causes of action against Defendants in both their personal and official capacities the for the alleged violation of his rights under

the First, Fourth, and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983.  In addition, plaintiff Andrews asserts several state law claims against the Defendants, including the alleged "Violation of Free Speech under the California Constitution," Violation of Right to be Free of Unreasonable Search and Seizure under the California Constitution," "Violation of the Equal Protection Clause under the California Constitution," "Discrimination in Violation of [California] Education Code" Sections 66270 and 66030, "Breach of Contract," and "Intentional & Negligent Infliction of Emotional Distress."

## II.

## LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1109 (E.D. Cal. 2009). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the

plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 [threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.]

Finally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III.
## THE COURT SHOULD DISMISS THIS ACTION
## FOR FAILURE TO STATE A CLAIM

**A.     The Eleventh Amendment Bars Plaintiff's Section 1983 Claims**

Plaintiff asserts various civil rights claims seeking money damages against Defendants, in their official capacity, pursuant to 42 USC § 1983. Since a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, it is no different from a suit against the State itself. See *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).

The Eleventh Amendment "bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its

agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) Similarly, pursuant to the Eleventh Amendment, state officials cannot be sued in their official capacity in federal court by their own citizens or citizens of another state for retrospective relief. *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Ulaleo v. Paty*, 902 F.2d 1395, 1398 (9th Cir. 1990) ["The Eleventh Amendment bars citizen suits against states, institutional arms of the state, and state officials in their official capacity when the relief sought is retrospective in nature, i.e., damages."].) Therefore, Plaintiff's Section 1983 claims against CSU and Defendants sued in their official capacity are barred by the immunity afforded by the Eleventh Amendment.

### B. Plaintiff's Section 1983 Claims Fail Because Defendants Are Not "Persons" Within The Meaning of That Section

42 USC § 1983 reads in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law...

"States or governmental entities that are considered 'arms of the state' ... are not persons within the meaning of 1983." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) *quoting Will v. Michigan Dep't of State Police*, *supra*, 491 U.S. at 70. Similarly, state officials acting in their official capacity are not "persons" within the meaning of the 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, Plaintiff's Section 1983 claims against CSU and Defendants sued in their official capacity are barred as a matter of law.

///

///

## IV.

## THE COMPLAINT DOES NOT STATE VALID SECTION 1983 CLAIMS AGAINST DEFENDANTS RASKOVICH, O'CONNOR, WILEY AND APEL

There is no fact alleged in the Complaint showing that Defendants Raskovich, O'Connor, Wiley, and Apel violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution, only conclusions about the Defendants' alleged wrongdoings. These conclusions must be disregarded by this court, especially if the "plausibility" standard enunciated in *Twomby/Iqbal* is to serve as a "gatekeeping function," necessary to get rid of complaints that contain not enough detail to indicate that a plaintiff has a substantial case against a defendant. *See, e.g., Krainski v. State of Nevada* (9th Cir. 2010) 616 F.3d 963 (allegation that officer knew or should have known that statements made against plaintiff were false was conclusory, not factual); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

## V.

## THE COURT SHOULD DISMISS THE SECTION 1983 CLAIMS AGAINST THE SUPERVISOR DEFENDANTS

Plaintiff alleges that Defendants Solorzano, Schivley, Gonzalez and Valdez are responsible for their subordinates' (the other safety officer defendants) violation of his constitutional rights. High ranking supervisors like these defendants, however, cannot be held personally responsible under Section 1983 on the theory of "*respondeat superior*" simply because they were in a high position of authority. *Lindgren v. Curry*, 451 F.Supp.2d 1073, 1075 (C.D. Cal. 2006) [stating that a supervisor "may be liable for constitutional claims [only] if he or she was

personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation," citing *Redman v. Warden of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)]; see also *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) ("[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under 42 U.S.C. § 1983. "). Here, Plaintiff alleges no fact(s) that these Defendants personally participated in any alleged wrongful conduct against Plaintiff, or that they knew of the alleged wrongful conduct and failed to prevent it. Therefore, Plaintiff's Section 1983 claims against them must be dismissed.

## VI.

## PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

Since Plaintiff is no longer in the custody of the CSU, and has not shown a substantial likelihood that he will again be stopped for organizing another campus protest by the Defendants and suffer a similar injury in the future, Plaintiff lacks standing to seek injunctive relief in this case. *Updike v. Clackamas Cnty.*, 2015 U.S.Dist. LEXIS 160169 (D. Or. Nov. 30, 2015).

## VII.

## PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED BECAUSE HE FAILED TO PLEAD HE FILED A TIMELY CLAIM WITH CSU

Suits for money or damages filed against the State of California, its agencies, and/or employees are regulated by the Government Claims Act. California Government Code section 905 requires the presentation of "all claims for money or damages against local public entities," subject to exceptions not relevant here. Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year. Gov. Code § 911.2. "No suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented … until a written claim therefor has been presented to the public entity and has been acted upon … or has

been deemed to have been rejected. …" Gov. Code § 945.4. "Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.' [Citation.]" *City of Stockton v. Superior Court* (2007) 42 Cal. 4th 730, 737–738.

Government claim presentation requirement for claims against the California State University and/or its employees requires presentation of the claim to the Trustees of the California State University. Government Code section 915, subdivision (d), states in part "A claim … shall be presented to the Trustees of the California State University by delivering or mailing it to the Office of Risk Management at the Office of the Chancellor of the California State University."

Failure to allege facts demonstrating or excusing compliance with the claim presentation requirements is grounds for dismissal. Gov. Code §§912.4, 945.4; *Shirk v. Vista Unified School Dist.* (2007) 42 C4th 201, 209.

Here, there is absolutely no allegation in the Complaint that Plaintiff complied with the Government Claims Act by filing a claim against CSU and/or Defendants with the Office of Risk Management and Public Safety. Therefore, Defendants' motion to dismiss Plaintiff's state law claims should be granted.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that their motion be granted in its entirety.

Dated: December 7, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JOEL A. DAVIS
Supervising Deputy Attorney General

/s/ David Adida

David Adida
Deputy Attorney General
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

Case Name: **Andre Andrews v. CSU Police Department, et al.**   No. BC719873

I hereby certify that on <u>December 11, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLAIMS, PURSUANT TO CIV. P. 12(b)(6)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 11, 2018</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Andre Andrews
404 E. 1st Street, #1405
Long Beach, CA 90802

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 11, 2018</u>, at Los Angeles, California.

| W. A. Sims | W. A. Sims |
|---|---|
| Declarant | Signature |

LA2018503019
53181683.docx